21-1746-cr
United States v. Patel

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-two.

**PRESENT:**
> **REENA RAGGI,**
> **SUSAN L. CARNEY,**
> **MYRNA PÉREZ,**
> > *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> **v.**                                                              **21-1746**

**Sahil Patel, AKA Sealed Defendant 1,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Sahil Patel, *pro se*, Welch, WV. |
| **FOR APPELLEE:** | Andrew C. Adams, Danielle R. Sassoon, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 3, 2021 and July 9, 2021 orders of the district court are **AFFIRMED.**

In 2015, Appellant Sahil Patel was sentenced to a 175-month prison term after pleading guilty to (1) conspiring to commit extortion, *see* 18 U.S.C. § 1951; (2) conspiring to impersonate a federal officer, *see id.* § 371; (3) conspiring to commit wire fraud, *see id.* § 1349; and (4) aggravated identity theft, *see id.* §§ 1028A, 2. In 2021, proceeding *pro se*, he moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), based on his medical conditions and the ongoing COVID-19 pandemic. The district court denied release, and Patel moved for reconsideration, raising new claims related to his family circumstances. The district court denied reconsideration. Patel now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as necessary to explain our decision.[1]

As a preliminary matter, we liberally construe Patel's notice of appeal and brief as challenging both the district court's March 3, 2021 order denying compassionate release and its July 9, 2021 order denying reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995). We review for abuse of discretion both the denial of a motion for compassionate release and the denial of a motion for reconsideration. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020); *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a

---

[1] Patel also moves to seal a supplemental appendix he filed in this Court. Upon due consideration, that motion is GRANTED.

clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021)).

To reduce a defendant's term of imprisonment under § 3582(c)(1), a district court must find that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The district court did not abuse its discretion in concluding that Patel's medical concerns did not amount to extraordinary and compelling reasons for his release. The district court accurately discussed the medical record before it, including Patel's claim that he had recovered from an asymptomatic case of COVID-19—a fact that counseled against a finding that Patel was at particular risk of severe illness from that virus, notwithstanding the statistical association between hypertension (with which he has been diagnosed) and severe illness from COVID-19. The district court did not mention Patel's general allegation that he had experienced blood clots, but Patel has abandoned that issue by failing to raise it in his appellate briefing. *See United States v. Greer*, 285 F.3d 158, 170 (2d Cir. 2002) (explaining that failure to include argument in appellate brief waives argument on appeal).

In order to obtain reconsideration, a movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Shrader*, 70 F.3d at 257; *see also United States v. McCoy*, 995 F.3d 32, 51 (2d Cir. 2021) ("A motion for [reconsideration], while proper for calling to the court's attention controlling decisions or data the court has overlooked, is inappropriate for the presentation of new facts or contentions, or for an attempt to reargue old ones."). In his reconsideration motion, Patel did not identify any new or overlooked evidence or decisions relevant to his fear of consequences from COVID-19. To the contrary, because Patel has now

3

been vaccinated, any risk of severe illness from COVID-19 has been substantially decreased. *See Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Approved or Authorized in the United States*, Centers for Disease Control and Prevention, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/interim-considerations-us.html (last visited May 17, 2022) (FDA-authorized COVID-19 vaccines "are effective in preventing serious outcomes of" COVID-19); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

The district court also reasonably concluded that the new issues raised in Patel's reconsideration motion—his father's death and his mother's declining health—did not amount to extraordinary and compelling reasons that could authorize the district court to consider in its discretion whether, in light of the § 3553(a) factors, his release was warranted. As to his father's death, the district court reasonably concluded that the inability to participate in funeral rites was not an unusual consequence of incarceration. As to his mother's declining health, Patel argues that the district court should have considered his sister unavailable as a caregiver because of the burden of her other family responsibilities, but he does not point to any evidence that the district court mischaracterized or overlooked in concluding otherwise.[2] The district court's ruling was thus "within the range of permissible decisions." *Keitt*, 21 F.4th at 71 (internal quotation marks omitted).

---

[2] We do not read the district court's decision as having mistakenly treated the commentary to United States Sentencing Guidelines § 1B1.13 as binding. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (holding that district courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them" where, as here, the motion was brought directly by an inmate).

We have considered all of Patel's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the orders of the district court. In addition, Patel's motion to seal docket no. 57 in this case (No. 21-1746) is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court